IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LORI MARTINEZ,

    Plaintiff,

v.                                                            Civ. No. 13-538 JCH/GBW

DARREN HOOKER, JAVIER SANCHEZ,
and CHARLIE SMART,

    Defendants.

## ORDER

This matter is before the Court at the parties' oral request during the Rule 16(c) conference held July 31, 2013. At the conference the parties requested guidance on the initial disclosures mandated by D.N.M.LR-Civ. 26.3(d). Local Rule 26.3(d) states that "in all cases in which the physical or mental medical condition of the party is at issue, the party whose condition is at issue must make a good faith effort" to disclose various healthcare records from the five years preceding the date of the event(s) at issue in the action. D.N.M.LR-Civ. 26.3(d). Defendants seek the disclosure of, and releases for, Plaintiff's healthcare providers/records. Plaintiff contends that because she is not seeking damages arising from medical expenses, her medical records do not come under the scope of the rule. Plaintiff further represents to the Court that the only medical treatment she has sought within the past five years is for acute illness (flu) or pregnancy and is therefore irrelevant to this lawsuit. She argues that any disclosure

1

would be an invasion of her privacy.

Local Rule 26.3(d) applies "in **all** cases in which the physical or mental medical condition of the party is **at issue**." D.N.M.LR-Civ. 26.3(d).  In her complaint, at Paragraph 27, Plaintiff states that she seeks damages "including for her pain and suffering and mental anguish and any other medical expenses necessitated as a result of the Defendants' conduct."[1] *Doc. 1*, Ex. A ¶ 27.  Plaintiff has therefore put her physical or mental medical condition at issue, making her past medical records relevant to this action.  *See, e.g., Weatherspoon v. Provincetowne Master Owners Ass'n, Inc.*, 2010 WL 936109, at *2 (D. Colo. Mar. 15, 2010) (holding that because the plaintiff made an emotional distress claim, she put her mental health records at issue).  Further, as regards Plaintiff's privacy claim, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104–191, 110 Stat.1936, "expressly contemplates that otherwise protected health information may be disclosed in the course of a judicial proceeding . . . ." *Windsor v. Aasen*, 2009 WL 5184170, at *1 (D. Colo. Dec. 18, 2009) (citing 45 C.F.R. § 164.512(e)).

---

[1] At the Rule 16 conference, Plaintiff stated that she was only seeking damages for "pain and suffering."  However, her Complaint also seeks damages for "mental anguish and any other medical expenses necessitated as a result of Defendant's conduct."  Given that Plaintiff seeks these additional items, her mental condition is clearly "at issue."  The Court need not, and does not, take any position on the result if Plaintiff sought only "pain and suffering."

2

The Court therefore orders Plaintiff to provide initial disclosures in compliance with D.N.M.LR-Civ. 26.3(d), to be transmitted by **August 30, 2013**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE