IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


LORI MARTINEZ,

                **Plaintiff,**

vs.                                  Civ. No.   13-538 JCH/GBW


DARREN HOOKER, ROOSEVELT
COUNTY SHERIFF, individually,
JAVIER SANCHEZ, individually,
CHARLIE SMART, individually,

                **Defendants.**


## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendant's Motion for Summary Judgment on the Basis of Qualified Immunity and Other Grounds* [Doc. 18].  Defendants argue that they are entitled to summary judgment on all of Plaintiff's claims on various grounds. After reviewing the motion, response, and reply, as well as the applicable legal authorities, the Court concludes that the motion should be granted and summary judgment entered in favor of the Defendants on all claims asserted by the Plaintiff.

## BACKGROUND

This case stems from Plaintiff Lori Martinez's arrest in Portales, New Mexico, on or about June 12, 2012. Martinez was arrested pursuant to a bench warrant issued by a City of Portales municipal court judge for the arrest of "Lori Teel" for failure to appear in court on charges relating to unpaid library fines. The warrant, which had been issued on May 17, 2011,

stated that that Lori Teel's date of birth was December 3, 1981, and that her address was 2200 S. Ave. I, Portales, NM 88130.

On June 12, 2012, Jimmy Teel was a suspect in a criminal investigation conducted by the Defendants in this case, all of whom are members of the Roosevelt County Sheriff's Department. They apprehended and arrested Mr. Teel outside the apartments where he lived. During the arrest, Martinez approached the scene and asked why her husband was being arrested. She identified herself as "Lori Martinez," said that she was married to Mr. Teel, and gave her date of birth as December 3, 1981. Defendant Javier Sanchez called his dispatcher with this information, and they informed him that while there were no warrants for a "Lori Martinez," there was an outstanding bench warrant for "Lori Teel" with the same date of birth as Martinez. The dispatcher also informed Sanchez that the address on the bench warrant was 2200 S. Ave. I, Portales, NM 88130. Sanchez asked Martinez if she had ever lived at that address. Martinez said that she had previously lived at the Baptist Children's Home, but could not remember the address. The dispatcher informed Sanchez that the address at issue matched with the Baptist Children's Home. Next, Sanchez asked Martinez if she ever went by the name "Lori Teel," which she denied. However, Martinez did confirm that she had been married to Jimmy Teel for two years. There is a fact dispute as to whether or not Martinez admitted checking out materials from the city library—Sanchez asserts that she admitted that she did, and Martinez contends that she did not. There is also a fact dispute as to whether or not Mr. Teel told the Defendants that his wife went by the name "Lori Teel." Due to "manpower issues," Sanchez asked a City of Portales police officer, Raul Rosa, to execute the warrant and arrest Martinez. However, after speaking with Martinez, Officer Rosa concluded that he lacked sufficient evidence to confirm that Martinez was the "Lori Teel" identified in the warrant. As a result, he declined to arrest

Martinez. After checking with his supervisors, Sanchez arrested Martinez based upon the outstanding bench warrant for Lori Teel.

On August 9, 2012, Martinez filed a lawsuit arising from her arrest in the Ninth Judicial District Court, Sandoval County, State of New Mexico.  The defendants in that case were the City of Portales and the city manager, and Martinez asserted claims of negligence, violation of her constitutional rights of due process and equal protection, failure to train, and municipal liability for an unconstitutional custom or policy. *See Martinez v. The City of Portales, et al.*, Civ. No. 12-933 WJ/GBW, Doc. 1-2. On September 4, 2012, the Defendants removed that case to this federal district court. *Id.* at Doc. 1. On February 21, 2013, United States District Judge William Johnson entered a Memorandum Opinion and Order granting the defendants' motion for summary judgment on Martinez' claims. *Id.* at Doc. 48. Judge Johnson held that the arrest warrant was facially valid and that the deputies from the Roosevelt County Sheriff's Department (the defendants in the case currently before this Court) had probable cause to arrest Martinez. Doc. 48 at 10. Judge Johnson wrote:

> The Deputies had a facially valid bench warrant for Lori Teel's arrest. *See Hill v. Bogans*, 735 F.2d 391, 393 (10th Cir. 1984) ("Unless a warrant is facially invalid an officer has no constitutional duty to independently determine its validity."). The warrant was issued when Lori Teel violated a court order by failing to appear in response to a summons. *See* Rule 8-206, NMRA. ("If any person who has been ordered by the municipal judge to appear at a certain time and place or to do a particular thing fails to appear at such specified time and place in person or by counsel when permitted by these rules or to do the thing so ordered, the court may issue a warrant for the person's arrest."). It is undisputed that Lori Teel, whether Plaintiff or not, did not appear in response to the Municipal Court Summons. That the Summons was returned as undeliverable does not invalidate the court's order that she appear; if so, any party could evade court authority simply by changing addresses or writing "return to sender" on any court document received. As the New Mexico Court of Appeals has noted with regard to metropolitan bench warrants, the rule vesting a court with authority to issue bench warrants for failure to appear does not require the court to investigate why the defendant failed to

appear. "Instead, the mere fact that a defendant fails to appear vests a court with the authority to issue a warrant. . . . If we accepted Defendant's argument that the warrant was erroneously issued, courts would be required to evaluate every bench warrant to determine whether there was any excuse or justification for a defendant's failure to appear." *State v. Lucero*, 29, 268, 2010 WL 4685397 (N.M. Ct. App. July 28, 2010). The same reasoning applies to the municipal warrant here.

  The Deputies also had reason to believe that Plaintiff was Lori Teel. Plaintiff shared a birth date with Lori Teel; she had previously lived at the address Lori Teel gave in her library card application; she shared the same first name; and she was found at an apartment that the Deputies understood to be the residence of one Jimmy Teel.[1] *See Nelson v. McMullen*, 207 F.3d 1202, 1206-07, 1207 n.7 (10th Cir. 2000) (finding no Fourth Amendment violation where "officers reasonably believed the suspect had the same name, birth date, and physical description as" the plaintiff); *United States v. Shareef*, 100 F.3d 1491, 1503 (10th Cir. 1996) (when defendant shared last name, date of birth, sex, and race with suspect described in the Federal Bureau of Investigation's National Crime Information Center (NCIC) teletype, detention of defendant was reasonable). If the Deputies' belief was mistaken, it was nonetheless reasonable, and a mistaken arrest, in itself, does not comprise a Fourth Amendment violation. *See Hill v. California*, 401 U.S. 797, 802 (1971) ("When the police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest."); *see also Rodriguez v. Farrell*, 280 F.3d 134, 1346 (11th Cir. 2002) ("The same 'reasonable mistake' standard applies (1) in the context of a section 1983 action and (2) when the police have a valid warrant—as opposed to just probable cause—to arrest someone, but mistakenly arrest someone else due to a misidentification."). As the Supreme Court noted in *Baker v. McCollan*, "The Constitution does not guarantee that only the guilty will be arrested." 443 U.S. 137, 145 (1979).

*Id*., Doc. 48 at 11-12 (footnotes omitted). As a result of this ruling, Judge Johnson granted summary judgment in favor of the City of Portales and the city manager on all of Martinez's claims. *Id*. at Doc. 49. Martinez appealed this ruling to the Court of Appeals for the Tenth Circuit. *Id*. at Doc. 50. However, she and the City settled her appeal before it was resolved. *Id*. at Doc. 55-1.

---

[1] To this, the Court would also add that Martinez admitted to being married to Jimmy Teel.

On May 2, 2013, apparently dissatisfied with the result of that case, Martinez filed her complaint in this case, again in the Ninth Judicial District, Roosevelt County, State of New Mexico. Her claims in this case are based upon the same factual allegations set forth in the prior case, although this time she named as defendants members of the Roosevelt County Sheriff's Department. In this second lawsuit, Martinez has asserted claims for unconstitutional seizure, violation of her right to due process, false arrest, and false imprisonment.

## DISCUSSION

Defendants argue that they are entitled to summary judgment on Martinez's constitutional claims against them in their individual capacities on two grounds: first, they have qualified immunity, and second, the claims are barred by the doctrine of issue preclusion, or *res judicata*. Defendants argue that issue preclusion would also bar Martinez's claims for false arrest and false imprisonment. To the extent that Martinez is asserting claims against them in their official capacities—*i.e*., municipal liability claims against Roosevelt County—Defendants argue that they are entitled to summary judgment because Martinez has failed to demonstrate the existence of an unconstitutional policy or practice.

Issue preclusion prevents relitigation of facts and issues actually litigated and necessarily determined in an earlier proceeding between the same parties or their privies. Issue preclusion generally applies when four elements are satisfied:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Park Lake Res. Ltd. Liab. v. U.S. Dep't of Agric*., 378 F.3d 1132, 1136 (10th Cir. 2004). The case before the Court meets each of these elements.

First, the issue previously decided in *Martinez v. The City of Portales* was whether or not Martinez's arrest was constitutional. The Court concluded that it was, specifically finding that the bench warrant was valid and that the Defendants had probable cause to arrest Martinez pursuant to that warrant in light of the information available to them at that time. Second, the prior action was finally adjudicated on the merits, as the Court entered a final judgment in favor of the City of Portales. Third, the doctrine against whom the doctrine of collateral estoppel is being invoked, Lori Martinez, was a party to the prior adjudication in *Martinez v. The City of Portales*. Martinez does not dispute that each of these three elements has been satisfied. *See* Doc. 21 at 14.

That leaves the fourth and final element, whether Martinez had a full and fair opportunity to litigate the issue of the constitutionality of her arrest in the prior case. Martinez argues that she did not have that opportunity because after the adverse judgment against her in the district court, she and the City of Portales elected to settle the case. *See* Doc. 21 at 14. That argument is specious. Martinez had the opportunity to file briefs regarding the constitutionality of her arrest, to submit evidence, to request a hearing, and to appeal the district court's decision. That she elected not to pursue her appeal does not mean that she did not have a full and fair *opportunity* to litigate the issue. Further, the case Martinez cites, *Phillips v. Franco*, 612 F. Supp. 2d 1190 (D.N.M. 2009) (Black, J.), is inapposite. In that case, the Court found that a prior decision on a motion to suppress evidence in a criminal case brought against a boyfriend could not be used to preclude the girlfriend's later civil constitutional claim against the police. The girlfriend was not a party to her boyfriend's criminal proceeding, and his attorneys did not represent her interests in that case. That is a far cry from the situation presented here, where Martinez was the party in both cases and fully litigated her interests against the City of Portales in the district court.

6

As a result of the foregoing, the Court concludes that all four elements of the doctrine of issue preclusion are satisfied. Thus, Martinez is precluded from relitigating this Court's previous findings that the arrest warrant was facially valid and that, based on the facts known to them on June 12, 2012, the Defendants had probable cause to arrest her. This conclusion obviates the need to consider Defendants' other arguments. The fact that Defendants had probable cause to arrest Martinez means that her constitutional claims for unreasonable seizure and violation of her right to due process cannot go forward. The same is true regarding her claims for false arrest and false imprisonment, whether they be brought under § 1983 or state law. *See, e.g., Keylon v. City of Albuquerque*, 535 F.3d 1210, 1216 (10th Cir. 2008) (in the context of a false arrest claim, an arrestee's constitutional rights were violated if the arresting officer acted in the absence of probable cause that the person had committed a crime); *Santillo v. N.M. Dep't of Pub. Safety*, 143 N.M. 84, 173 P.3d 6, 10 (2007) (holding that "[a]n officer who has probable cause to arrest a person cannot be held liable for false arrest or imprisonment").

Finally, to the extent Martinez may be attempting to assert a claim against the Defendants in their official capacities, which would in effect be a claim against Roosevelt County, a municipality cannot be held liable for the actions of its employees if those actions do not constitute a violation of a plaintiff's constitutional rights. *See Trigalet v. City of Tulsa, Oklahoma*, 239 F.3d 1150, 1154 (10th Cir. 2001). "If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point." *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986). And, as Defendants point out, even if there had been a constitutional violation by the individual

7

Defendants, Martinez fails to point to any unconstitutional or illegal custom or policy by Roosevelt County. Thus, Defendants are entitled to summary judgment on this claim as well.

**IT IS THEREFORE ORDERED** that *Defendant's Motion for Summary Judgment on the Basis of Qualified Immunity and Other Grounds* [Doc. 18] should be **GRANTED** in its entirety.

_____
**UNITED STATES DISTRICT JUDGE**